843 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shaheed Umar ABDUS-SAMMAD, Defendant-Appellant.
 No. 87-5152.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 25, 1988.
Decided March 31, 1988.
 
 Thomas Crane Carter on brief for appellant.
 Henry E. Hudson, United States Attorney, William R. Harris, Special Assistant United States Attorney on brief for appellee.
 Before HARRISON L. WINTER, Chief Judge, MURNAGHAN and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 After a bench trial, defendant Shaheed Umar Abdus-Sammad was convicted of possessing a firearm in or affecting commerce after having been convicted of a felony, in violation of 18 U.S.C.App. II Sec. 1202. He appeals, contending that there was insufficient evidence to support the district court's finding beyond a reasonable doubt that he willfully and knowingly had a .22 caliber gun in his luggage. We affirm.
 
 I.
 
 2
 On January 11, 1986, defendant Abdus-Sammad was arrested at Washington National Airport. A checkpoint security officer, Mary Cooper, testified that when she was processing defendant's luggage, she believed she saw the apparent images of weapons, including a gun, a hunting knife and a crossbow, on the checkpoint x-ray screen. She testified that she asked defendant if he had dangerous weapons in his travelling bag, and he responded "No, they are just toys" and "Lady, if there is a problem, I can take my bags out." According to Cooper, the defendant then left the area with another item of luggage while she summoned the Federal Aviation Administration police. Defendant Abdus-Sammad returned to the checkpoint of his own volition, and FAA Officer Ken Fisher responded to Cooper's call.
 
 
 3
 Officer Fisher testified he saw the images of weapons on the x-ray machine screen and, after advising defendant of his constitutional rights, proceeded to search defendant's bag. Fisher found a knife, sheath, and ammunition, but failed immediately to recover a gun. Fisher testified he asked defendant where the gun was, and Abdus-Sammad replied "What gun?" and then said "Oh, oh, that gun, the one in the sock." According to Fisher, the defendant then proceeded to pull from his bag a rolled-up sock, and Fisher unrolled the sock to find the revolver. Abdus-Sammad then told Fisher that the weapons were novelty items he used in his export/import business.
 
 
 4
 Abdus-Sammad testified at trial that he did not know there was a gun in his luggage. His son, Kareem Abdus-Sammad, testified that he had left the gun in the bag, did not tell his father it was there, and did not anticipate that his father would use the travelling bag.
 
 II.
 
 5
 The district court noted that Abdus-Sammad packed his bag for the trip and was able to locate the gun immediately in the bag when Fisher could not find it. Viewing the evidence in the light most favorable to the government, we think that there was clearly sufficient evidence that Abdus-Sammad knowingly and willfully possessed the gun found in his travelling bag.
 
 
 6
 The issue presented by this appeal is largely factual, and the applicable rules of law are firmly established. We therefore dispense with oral argument as unnecessary to a decision.
 
 
 7
 AFFIRMED.